

844

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Attention:  Mr. R. J. (Bob) Long

Dear Sir:

Opinion No. 0-5787
Re:  Revival of corporate charter
after failure to make proof
of payment of corporate stock.

Your opinion request of April 5, 1944, reads as
follows:

"The above named corporation filed an amend-
ment in this office on February 10, 1941 increasing
its capital stock to $60,000.00 and furnished proof
of the payment of $35,000.00 of its capital stock
leaving a balance of $15,000.00 for proof to be
furnished to this office within a period of two
years.

"The corporation failed to make satisfactory
proof of the payment of its capital stock to this
office within said two years time and this office
forfeited the charter of said corporation on
September 11, 1943.

"After the six months period granted by the
Statutes for the revival of the charter of said
corporation the corporation furnished satisfactory
proof of payment of its capital stock to this of-
fice namely on March 31, 1944. The corporation
also filed an instrument, a copy of which is at-
tached to this letter, proposing to revive and

Hon. Sidney Latham, Page 2

extend the charter under the provisions of Article
1315a and Article 1315b and paid the required filing
fee for filing such instrument in the sum of $90.00.

"1. Is this department authorized to approve
and file the proof of final payment of
the capital stock of the corporation?

"2. Is this department authorized to approve
and file the instrument proposing to re-
vive and extend the corporate existence
of said corporation?"

Article 1330, V. A. C. S., establishes a method
whereby the capital stock of a corporation may be increased
and provides, inter alia, for the filing of a certificate of
increase with the Secretary of State. Following this, Article
1331 provides:

"In case of failure by the stockholders to
pay the unpaid portion of an increase of stock
within two years from the date of the filing of
the certificate of increase in the office of the
Secretary of State, the charter of such company
shall be forfeited, and the provisions of Articles
1339 to 1343 inclusive, shall govern the same as
in case of the creation of a corporation."

It will be noticed that under this Article, failure
to pay the unpaid portion of the increase leads to a forfeiture
of the corporate charter rather than to a mere forfeiture of the
right to do business. In this connection Articles 1339 and 1340
respectively provide:

"In cases of the failure to pay the unpaid
portion of capital stock, and to make proof thereof
to the Secretary of State within two years from the
date of the filing of the charter, the charter of
such company shall become forfeited. Such forfeit-
ure shall be consummated without judicial ascertain-
ment by the Secretary of State entering upon the
margin of the ledger kept in his office relating
to such corporations the word, 'forfeited,' giving
the date and reason therefor."

Hon. Sidney Latham, Page 3

"The Secretary of State shall notify such corporation by mailing to the postoffice named as its principal place of business, or to any other place of business of such corporation, addressed in its corporate name, a written or printed statement of the date and fact of such forfeiture. A record of the date and fact of such notice shall be kept by such officer."

With respect to the revival of charters which have been forfeited in this manner, Articles 1341 and 1343 respectively provide:

"The stockholders of any such corporation whose charter has been so forfeited, who shall within six months from the date of such forfeiture and not thereafter, pay in full the unpaid capital of such company and furnish to the Secretary of State proof of such fact as required herein, and in addition, shall pay the Secretary of State as fees belonging to his office, the sum of five dollars per month for each month and fractional part thereof between the date of forfeiture and settlement, shall be relieved from such forfeiture; and said officer shall write on the margin of said ledger the word 'revived,' giving the date thereof." (Emphasis added)

"If the stockholders fail to cause the charter powers of said corporation to be revived, the affairs of such company shall be administered and wound up as on dissolution."

Likewise, Article 1387 provides in part as follows:

"A corporation is dissolved:

"  .  .  .  .

"5. By forfeiture of its charter without judicial ascertainment under any special provision of law . . ."

847

The failure to make a timely payment of the unpaid portion of the capital stock of the corporation in question automatically forfeited the corporate charter. The statutes provide but one means of reviving a charter so forfeited--by making the payment and furnishing proof of same within six months from the date of forfeiture. Moreover, the statutes provide that such payment and proof must be made within such period "and not thereafter." The instant corporation filed proof of payment after the expiration of this period, and thus failed to avail itself of the one method for reviving its charter. Consequently, we are compelled to conclude that the corporation has been finally dissolved, and that its charter cannot be revived by your accepting and fil ing the proof of final payment. Your first question is answered in the negative.

From records in your office we have ascertained that the corporation in question was chartered on August 17, 1937, for a period of fifty years. The stockholders of the corporation have now passed a resolution asking that the charter be "reinstated" for a period of twenty-five years. They are seeking to have you approve and file this resolution under the provisions of Articles 1315(a) and 1315(b). These Articles respectively provide:

"Subject to a finding by the Secretary of State as hereinafter provided, any private corporation organized or incorporated for any purpose or purposes authorized under this Title, at any time within ten (10) years prior to the expiration of its charter, or any extension thereof, may extend such charter and the corporate existence of such corporation for an additional period of not to exceed fifty (50) years from the expiration date of the original charter, or any extension thereof, with all the privileges, powers, immunities, right of succession by its corporate name, and rights of property, real and personal, exercised and held by it at such expiration date, to the same intents and purposes as upon original incorporation. The manner of extending any such charter shall be by a resolution in writing, adopted at any annual or special meeting of stockholders called for that purpose by stockholders holding a majority of the shares of

Hon. Sidney Latham, Page 5

capital stock of such corporation then out-
standing, such resolution to specify the period
of time for which the charter is extended, and a
copy of such resolution, duly certified by the
secretary of the corporation, under the corporate
seal, shall be filed and recorded in the office
of the Secretary of State. Upon the adoption of
such resolution and the filing of a certified copy
thereof with the Secretary of State, together with
payment of the filing fee herein prescribed, the
charter and corporate existence of such corporation
may be extended for the additional period of time
recited in such resolution. The filing fee to be
paid for any such extension of a charter shall be
such fee as said corporation would be required
under the Statutes of Texas to pay in the event
it was then applying for a new charter instead of
extending its then existing charter.

"Such extensions, however, may be made only
in instances where the Secretary of State shall
have found, after proper investigation, that such
corporation is solvent and its capital unimpaired."

"The provisions of Article 1315(a) shall
extend to and include all private corporations
incorporated under the general laws of Texas. The
period of ten (10) years prior to the expiration
of the charter or any extension thereof referred
to in Article 1315(a) shall include the period of
time during which such corporation may have con-
tinued its existence under the provisions of Article
1389 of the Revised Civil Statutes of 1925."

Article 1389, referred to in Article 1315(b),
provides in part as follows:

"The existence of every corporation may be
continued for three years after its dissolution
from whatever cause, for the purpose of enabling
those charged with the duty, to settle up its
affairs . . . "

Hon. Sidney Latham, Page 6

In Flowers, et al., v. Pecos River R. Co., 152 S.W. (2d) 502, reversed on other grounds, 156 S. W. (2d) 260, the Austin Court of Civil Appeals explained the purpose of the enactment of Articles 1315(a) and 1315(b) as follows:

". . . . The main purpose for the enactment of Arts. 1315(a) and 1315(b) was to provide for the renewal or extension of charters of private corporations organized under Title 32 or under general laws, because prior to the enactment of said articles in 1937 no statute by specific language provided for the renewal or extension of a charter of a private corporation incorporated under Title 32 or under general laws. The emergency clauses specifically recited that the purpose of the 1937 acts (Arts. 1315(a) and 1315(b) was to provide for the renewal or extension of charters of 'private corporations' organized under Title 32 or under the general laws; and the provision for the payment of filing fees for the renewal or extension of the charters of private corporations as provided by Arts. 1315(a) and 1315(b) was merely incidental to the authority or right to renew or extend their charters, which was the main purpose of the said acts. . . ."

It is plain, we feel, that these Articles only provide a method whereby the length of a charter may be extended or whereby its charter may be renewed upon the expiration of the period of time stated in the charter, and that they do not purport to provide a means whereby a charter may be revived or "reinstated" after it has been forfeited. Stated differently, these Articles provide a means of extending the life of a corporation beyond the time stated in its charter, but they in no way afford an extension where the corporate life has been cut short by the dissolution of the corporation prior to the expiration of the time specified in its charter.

The corporation in question has been dissolved. By virtue of Article 1389, it retains a limited corporate existence, but such existence is only for the purpose of winding up its affairs. The dissolution is the result of the statutory forfeiture of the corporation's charter rather than the result of the

Hon. Sidney Latham, Page 7

expiration of the charter. In such a situation, Articles 1315(a) and 1315(b) can afford no aid. Consequently, your second question is also answered in the negative.

Trusting that the foregoing fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 9, 1944

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead
R. Dean Moorhead
Assistant

RDM:po


APPROVED
OPINION
COMMITTEE
BY BWB